**UNITED STATES BANKRUPTCY COURT**  
**Eastern District Of Missouri**  
**Thomas F. Eagleton U.S. Courthouse**  
**111 South Tenth Street, Fourth Floor**  
**St. Louis, MO 63102**

B18J(2/06)

CASE NO.:10–45012  
Judge: Charles E. Rendlen III

IN RE: Debtor(s)  
Steven W Chancellor  
xxx–xx–8133  
1621 Cranberry Dr.  
Imperial, MO 63052  
Darraugh M Chancellor  
xxx–xx–1046  
1621 Cranberry  
Imperial, MO 63052

## DISCHARGE OF DEBTOR

  It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:** The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

**BY THE COURT**

Dated: 8/11/10

**U. S. Bankruptcy Judge**

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the persons named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtors. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtors' property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

## Debts that are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes applicable only to cases filed after October 17, 2005;

c. Debts that are domestic support obligations applicable only to cases filed after October 17, 2005;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle while intoxicated;

g. Some debts which were not properly listed by the debtors in time to permit the creditor to file a proof of claim, if required, or file a timely request to determine dischargeability;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans applicable only to cases filed after October 17, 2005.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

# CERTIFICATE OF NOTICE

```
District/off: 0865-4          User: admin              Page 1 of 1              Date Rcvd: Aug 12, 2010
Case: 10-45012                Form ID: b18j            Total Noticed: 8
```

```
The following entities were noticed by first class mail on Aug 14, 2010.
db/db       +Steven W Chancellor,   Darraugh M Chancellor,   1621 Cranberry Dr.,    Imperial, MO 63052-2133
7973699     +Arrow Finance,   3528 Hampton Ave.,   Saint Louis, MO 63139-1981
7973701     +Consumer Collection Management,   2333 Grissom Dr,   Saint Louis, MO 63146-3322
7973704     +Miller and Steeno,   11970 Borman Drive,   Suite 250,   Saint Louis, MO 63146-4153
7973705     +Saxon Mortgage services, Inc.,   4708 Mercantile Dr N,   Fort Worth, TX 76137-3605

The following entities were noticed by electronic transmission on Aug 12, 2010.
7973700     +E-mail/Text: COAFINTERNALBKTEAM@CAPITALONEAUTO.COM
             Capital One Auto Finance,   3901 Dallas Pkwy,   Plano, TX 75093-7864
7973702     +EDI: RMSC.COM Aug 12 2010 19:13:00     GE Capital/Walmart,   PO Box 981400,
             El Paso, TX 79998-1400
7973703     +EDI: RMSC.COM Aug 12 2010 19:13:00     GE Money Bank/Lowes,   PO Box 981064,
             El Paso, TX 79998-1064
                                                                                             TOTAL: 3

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Aug 14, 2010**                    **Signature:** *Joseph Speetjens*